**UNITED STATES of America,**
**Plaintiff,**

v.

**Patrick YIM, Defendant,**

**National Automobile Casualty Insurance Company, Movant.**

**Crim. No. 10151–R.**

United States District Court,
C. D. California.

Sept. 25, 1972.

William D. Keller, U. S. Atty., John M. Newman, Jr., Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Max Herman, Los Angeles, Cal., for defendant.

Robert W. Nairin, Los Angeles, Cal., for surety.

## MEMORANDUM OPINION AND ORDER

REAL, District Judge.

National Automobile Casualty Insurance Company moves this Court to vacate the forfeiture and exonerate the bond of defendant Patrick Yim herein.

Defendant Patrick Yim was indicted by the Grand Jury for the Central District of California April 12, 1972 for violation of the laws of the United States dealing with counterfeiting.

Bond upon the indictment of defendant Yim was set at $2500.00 corporate surety or appearance bond with third party surety. On March 13, 1972 movant posted its Bond For Preliminary Appearance and Court Appearance of Defendant and defendant Yim was released.

During the proceedings in the District Court, defendant Yim entered his plea of guilty to Count One of the indictment. Upon the acceptance and entry of the plea, the Court set the sentence of defendant Yim for June 5, 1972 at 1:30 P.M. and defendant Yim was personally addressed and ordered to return at that date and time for sentence.

On June 5, 1972 at 1:30 P.M. the matter of defendant Yim was called and upon the failure of the defendant to appear in answer to the call of his case, the bond of defendant Yim was then forfeited and a bench warrant issued for his arrest.

By affidavit defendant Yim claims to have surrendered himself to United States Customs officials in Havre, Montana after having fled to Canada. The reason given for his flight is "not getting the agreement made to my (sic) by my parole officer and the United States Attorney." The Report of Apprehension or Seizure filed by H. Edward Hopewell, Patrol Agent, United States Border Patrol describes the apprehension as:

> "Subject was intercepted and apprehended on the St. Joe Road, 15 miles north of Havre, Mont., driving a 1967 Mustang, California license VOP 931 after failure to report for full inspection at the Port of Willow Creek, Mont. upon info. by Imm. Insp. Wm. Burris."

Neither version lends any support to movant's position since the act requiring forfeiture of defendant Yim's bond was his failure to appear on June 5, 1972. His stated motive, questionable as it is, is of no legal efficacy in the setting aside of the forfeiture or the exoneration of a reinstated bond.

In support of its motion, movant has filed the affidavit of Harry Goldstein, an attorney-in-fact for movant giving as the ground for vacating the forfeiture that "the cause or reason for the said forfeiture was without the knowledge consent, connivance or collusion" of movant. Such a position on the part of movant misapprehends 1.—the applicable law and 2.—the nature of movant's obligations pursuant to its bond.

1. Applicable law.—Bail and bail forfeiture in Federal Courts is controlled by the Bail Reform Act of 1966 (18 U.S. C. § 3141 et seq.) and Rule 46 of the Federal Rules of Criminal Procedure.

Movant, by reason of the language of its affidavit appears to be proceeding under the provisions of California Penal Code, Section 1305 et seq. That just is not the law, either procedurally or sub-

stantively which controls the present motion. The express provisions of Rule 46, Fed.R.Crim.P. is the law controlling this Federal Court in its consideration to set aside the forfeiture of defendant Yim's bond on June 5, 1972.

Rule 46, Federal Rules of Criminal Procedure, provides in its pertinent part:

"Rule 46. Bail
   (a)   \*   \*   \*
   (b)   \*   \*   \*
   (c)   \*   \*   \*
   (d)   \*   \*   \*
   (e)   \*   \*   \*
   (f)   Forfeiture

(1) Declaration. If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail.

(2) Setting Aside. The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture."

■ Forfeiture is *mandatory* upon breach of a condition of the bond. Setting aside is *discretionary* where justice will be served. In the exercise of that discretion, it is the interests of justice —and not the interests of movant— which must be considered. There is little or nothing in movant's position that suggests that the Court should exercise its discretion toward setting aside of the forfeiture and exonerating the bond of defendant Yim.

■ 2. Nature of the bonding obligation.—Movant's obligation as set forth in its bond is unequivocal and absolute in its provision that " . . . if defendant fails to perform these conditions, payment in the amount of the bond shall be due forthwith." Defendant Yim, without valid excuse, failed in the condition of his appearance for sentence on June 5, 1972. Nowhere in the bond, either expressly or by assimilation of the provisions of California Penal Code, Section 1305 et seq.,[1] or in any applicable decided case authority, is the knowledge, consent, connivance or collusion in the failure of a defendant to appear in response to an order of the Court a condition either precedent or subsequent to the forfeiture of the bond.

■ Movant also totally misconstrues its bonding function. Movant is in the business of providing its guarantee for the appearance of a defendant as ordered by the Court in which the bond is filed. As any commercial venture, these guarantees involve the risks of the undertaking. Here as in all corporate surety bonds, movant charged a fee (usually 10% of the face amount of the bond) for its service and the risk factors inherent in such service. In addition, movant has required indemnity by way of good and sufficient collateral of some third party to minimize its risk of loss. As such, one Mary Lee has been required to encumber her property by execution of a trust deed in favor of movant as indemnity.

In an attempt to extinguish its obligation to the United States of America, movant would have this Court now be the villain by visiting the loss upon Mrs. Lee. In the present posture of these proceedings, movant injects the third party indemnitor (Mrs. Lee) as the victim of the Court's forfeiture of the bond upon the non-appearance of defendant Yim. In other words, movant tells the Court that if it does not set aside the forfeiture and exonerate the bond it is Mrs. Lee— pleading hardship and poverty—who will suffer and not movant. But Mrs. Lee's agreement is with movant and not the Court or the United States of America— and, as such, the transaction between movant and Mrs. Lee cannot be used to benefit movant as an excuse to its unequivocal obligation. Movant's position is totally untenable. On the one hand, movant holds itself—for a fee—as available to undertake the risks of non-ap-

---

1. The Court does not intend to express any opinion as to the validity of such an attempted assimilation of California law.

pearance of a defendant. On the other hand, movant now, through Mrs. Lee, enlists the Court to take the risk completely out of its profit-making venture. Movant's position is even more interesting in light of the fact that defendant Yim's bond as set by the Court alternatively permitted the execution of an appearance bond with third party surety—something which would have obviated the necessity of its service as a corporate surety altogether. Together with the indemnity secured from Mrs. Lee, it is clear to the Court that movant has provided no service which now entitles it to the discretionary action of this Court in setting aside the forfeiture and exonerating defendant Yim's bond.

■ Movant expended no effort in locating defendant and returning him to Court, which may in some circumstances indicate some consideration in the setting aside of the forfeiture.

■ Mrs. Lee however, has, at least by her affidavit, indicated that she was in some way instrumental in defendant Yim's return to the United States from Canada. Though questionable that her efforts had any effect on defendant Yim, she did try. To do justice here is most difficult because of the relative positions of the parties and the impact of state law upon the contractual relationship of movant and Mrs. Lee. Now having been forewarned, indemnitor should recognize that this order should not be considered as precedent that in the future without a more compelling reason than "I did something without knowing what I was doing" forfeitures will be set aside in the exercise of this Court's discretion.

It is ordered:

1. The forfeiture heretofore declared on June 5, 1972 is set aside upon the following conditions:

   a. Movant shall reimburse the United States of America for all expenses incurred in the return of defendant Patrick Yim from Havre, Montana, to the Central District of California for sentence.

   b. Movant shall return to indemnitor Mary Lee or such other person as may have advanced any premiums upon the bond herein to said Mary Lee or such other person.

   c. Movant shall re-convey any interest in any trust deed or return such other security given to movant in connection with the bond of defendant Patrick Yim herein.

   d. Movant shall not either directly or indirectly require the payment of any indemnity to it by Mary Lee or any other person or persons upon the bond of defendant Patrick Yim herein.

   e. Movant shall reimburse Mary Lee for all costs and attorneys fees incurred in connection with the bond forfeiture and setting aside of the forfeiture upon the bond of Patrick Yim herein.

2. Movant shall within thirty (30) days file with this Court an affidavit evidencing compliance with all of the conditions imposed by this order.

3. Upon filing of the affidavit of movant, the bond of Patrick Yim herein is exonerated.