The UNITED STATES, Plaintiff,

v.

Anthony CIOTTI, Defendant.

Crim. No. 81–93.

United States District Court,
W.D. Pennsylvania.

Feb. 8, 1984.

Charles F. Scarlata, Pittsburgh, Pa., for defendant.

Robert Perry, Asst. U.S. Atty., Pittsburgh, Pa., for plaintiff.

## MEMORANDUM OPINION

COHILL, District Judge.

Presently before us is a motion filed by Attorney Charles F. Scarlata in which he seeks the remission of a $5,000.00 bond which was forfeited when his client, Defendant Anthony Ciotti, failed to report to the designated federal institution to begin serving his sentence. Although we sympathize with Mr. Scarlata's situation, believe that he did an outstanding job in representing Mr. Ciotti and recognize that he had nothing to do with Mr. Ciotti's disappearance, we must deny this motion.

In 1981, the defendant was convicted of violating 21 U.S.C. §§ 841(a)(1) and 846, and was sentenced to fifteen years imprisonment. His $5,000.00 bond was continued pending appeal.

On May 2, 1983, after his appeals were exhausted, Mr. Ciotti was notified by the United States Marshal's Office that he was to report to the designated institution by May 13, 1983. The defendant did not report and his whereabouts are still unknown. On May 17, 1983, we revoked bond and issued a warrant for his arrest.

Two days after bond was revoked, Mr. Scarlata, as the movant, filed a motion asking us to set aside the forfeiture and to release the $5,000.00 to him since the bond receipt is in his name. In the motion, Mr. Scarlata stated that Mr. Ciotti had agreed that the $5,000.00 bond, when returned, would go to Mr. Scarlata as payment for his legal services. Mr. Ciotti paid the $5,000.00 and put Mr. Scarlata's name on the receipt. The motion further stated that the defendant would not benefit and that the government would not be prejudiced if the bond money were returned. We denied this motion, without prejudice, so that the movant could file a similar motion following the apprehension of the defendant.

On December 21, 1983, Mr. Scarlata filed the same motion asserting that, even though the defendant still remains at large, he should not be deprived of his fee. It is this second motion which we now consider.

Forfeitures of bail bonds are controlled by Fed.R.Crim.P. 46(e). Rule 46(e) states in pertinent part:

(e) Forfeiture.

(1) Declaration. If there is a breach of condition of a bond, the district court *shall* declare a forfeiture of the bail.

(2) Setting Aside. The court *may* direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture.

(Emphasis supplied.) As evidenced by the use of the words "shall" in subsection (1) and "may" in subsection (2), a district court *must* declare a forfeiture if a defendant breaches a condition of bond, but it is within the court's discretion to set aside the forfeiture and return the money. *See United States v. Frias-Ramirez*, 670 F.2d 849 (9th Cir.1982), *cert. denied sub nom., Frias v. United States*, —— U.S. ——, 103 S.Ct. 94, 74 L.Ed.2d 86 (1982); *United States v. Stanley*, 601 F.2d 380 (9th Cir. 1979); *United States v. Yim*, 348 F.Supp. 708 (C.D.Cal.1972); *United States v. Bradley*, 43 F.R.D. 278 (W.D.Pa.1967).

Most petitioners seeking remittance are either the defendants themselves, or sureties. We have found no cases where a third-party requests the forfeiture to be set aside. Though this situation is unique, we believe the cases dealing with sureties are analogous. In addition, the factors to be considered by a district court when deciding whether "justice does not require the enforcement of the forfeiture" are the same whether the remittance is sought by the defendant, the surety, or an interested third-party.

We must note at the outset that we have found no case where a forfeited bond is returned while the defendant is still at large. *See United States v. Skipper*, 633 F.2d 1177, 1180 n. 6 (5th Cir.1981). The reason for this practice was stated by the *Skipper* court.

> Release is conditioned on the execution of a bail bond in order to assure the presence of the accused, .... Remission of forfeited bonds while their subjects are still at large would undermine that purpose.

*Id.* at 1180.

Since, after considering the necessary factors, we believe that remittance would not be justified, even if Mr. Ciotti were in custody, we find that it is immaterial that he is still at large. Hence, we turn our attention to the factors which must be considered.

■ When a defendant breaches a bail bond, without a justifiable excuse, and the government is prejudiced in any manner, the forfeiture should be enforced unless justice requires otherwise. *United States v. D'Argento*, 339 F.2d 925 (7th Cir.1964). When considering whether or not justice requires the enforcement of a forfeiture, a court must look at several factors, including: 1) the willfulness of the defendant's breach of the bond, 2) the cost, inconvenience and prejudice suffered by the government, and 3) any explanation or mitigating factors. *United States v. Frias-Ramirez*, 670 F.2d at 852. *See also Babb v. United States*, 414 F.2d 719 (10th Cir.1968). If the movant is a surety, the court may also consider whether the surety is a professional or the defendant's friend or family and whether the surety assisted in the apprehension of the defendant. *United States v. Bass*, 573 F.2d 258, 260 (5th Cir.1978); *United States v. Frias-Ramirez*, 670 F.2d at 852. The court may not consider the financial plight or interests of the movant.

*United States v. Bradley*, 43 F.R.D. at 280. As stated by the court in *United States v. Yim*, 348 F.Supp. at 710, "it is the interest of justice—and not the interests of movant—which must be considered."

■ In the case, *sub judice*, we believe the factors weigh against remittance. First, it is clear that Mr. Ciotti willfully breached his bond by fleeing the jurisdiction so as to avoid incarceration. Secondly, the government has been prejudiced by Mr. Ciotti's disappearance. Not only has money and manpower been spent attempting to find Mr. Ciotti, but the government, as the representative of its citizens, has been damaged by having a convicted felon still at large. Thirdly, there are no mitigating factors or explanation for the defendant's disappearance. The only apparent reason for his failure to report is that Mr. Ciotti does not desire to spend fifteen years in a federal prison. Though understandable, this is certainly not a mitigating factor or justifiable explanation. Thus, after careful consideration of each factor, it appears that justice requires the enforcement of the forfeiture.[1]

We must note that Mr. Scarlata is a reputable attorney and did an excellent job representing the defendant. He obviously expended substantial amounts of time defending Mr. Ciotti throughout the trial and the various stages of appeal, time for which he deserves to be compensated. Unfortunately, however, as a movant, Mr. Scarlata's interests must not be the basis for our decision.

After considering the interests of all concerned and the necessary factors, we must deny Mr. Scarlata's Motion.

AND NOW, to-wit, this 8th day of February, 1984, in accordance with the foregoing opinion, it is hereby ORDERED, ADJUDGED and DECREED that the Motion for Remittance of the Forfeited Bond be and hereby is DENIED.

---

1. In its brief in opposition to Mr. Scarlata's motion, the Government states that remission should be denied since Mr. Scarlata is merely a creditor of the defendant, and that, if the money is released, the defendant would receive a benefit. Neither the Government nor the Court has been able to find case law in support of this argument. Since we believe the other factors cited require us to deny remission, we will not address that argument.