**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Leonel GUTIERREZ, Defendant.**

**Appeal of Terry D.**
**CORNELL, Appellant.**

**No. 84–2772.**

United States Court of Appeals,
Seventh Circuit.

Argued April 30, 1985.
Decided Aug. 21, 1985.

Geraldine R. Fehst, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Robert S. Bailey, Chicago, Ill., for defendant.

Before CUMMINGS, Chief Judge, WOOD and COFFEY, Circuit Judges.

COFFEY, Circuit Judge.

The surety on an appearance bond appeals from an order of the district court denying, without a hearing, his motion to set aside a judgment of forfeiture or, in the alternative, remit the forfeiture. The sole issue on appeal is whether the district court was entitled to rely on the affidavits submitted by the parties or whether it was required to hold an evidentiary hearing on the surety's motion. We affirm.

Defendant Gutierrez, a Columbian national and licensed pilot, was arrested and subsequently indicted on federal narcotics charges relating to the possession of, and conspiracy to possess, cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Gutierrez's bond had been initially set at $100,000 allowing a 10 percent posting provision. *See* 18 U.S.C. § 3146(a)(3).[1] Gutierrez executed an appearance bond, deposited $10,000 with the Clerk of the United States District Court and was released. Following Gutierrez's indictment and the recommendation of the grand jury, the bond was increased to $250,000 cash, and Gutierrez was again taken into custody. Shortly thereafter Gutierrez successfully persuaded the district court to reduce the bond to $100,000 (twenty-five percent) upon the condition that he surrender both his passport and pilot's license, but Gutierrez was unable to raise the additional $15,000 cash necessary to meet the 25 percent posting requirement and remained in custody. Gutierrez's wife then contacted Terry Cornell, a private investigator for whom Gutierrez had worked as a security guard. Cornell agreed to help and, along with Gutierrez's attorney, appeared before the district court and obtained the court's approval for Cornell to act as surety for the additional $15,000. Although the court advised Cornell of the risk involved and the responsibility he was assuming as surety, Cornell nonetheless executed the bond as co-signator and personally guaranteed the additional $15,000, and Gutierrez was released from custody.

Cornell subsequently experienced difficulty in contacting Gutierrez and became legitimately concerned of Gutierrez's whereabouts upon being informed that Gutierrez failed to appear at a July 23 status call. Unable to locate Gutierrez at home, and after further investigation of the places Gutierrez frequented proved fruitless, Cornell advised the government of his inability to locate Gutierrez and provided the government with information he had obtained indicating that Gutierrez had either left the district or was about to do so. Following Gutierrez's failure to appear as ordered at an August 15 status call (scheduled in response to a motion to withdraw filed by Gutierrez's attorney), the district court, with Cornell and his attorney present, granted the government's motion for forfeiture of the bond and ordered that the United States recover judgment against Gutierrez in the sum of $100,000 and against Cornell in the amount of $15,000, jointly and severally. The court further ordered that the clerk apply the $10,000 on deposit in partial satisfaction of the judgment against Gutierrez.

After its entry, Cornell sought to set aside the judgment of forfeiture or, in the alternative, remit pursuant to Rules 46(e)(2) and (4), Fed.R.Crim.P., and request-

---

**1.** Sections 3141 through 3151 of Title 18, United States Code, have since been repealed and replaced by The Bail Reform Act of 1984. Section 3142(c)(2)(K) of the Act, although similar to the ten percent appearance bond condition set out in former § 3146(a)(3), does not set forth a specific percentage and is designed to provide greater flexibility to the court in setting financial conditions of release. The concept of an appearance bond is retained but the court has the discretion to determine what percentage of the amount of the bond is to be posted with the court. *See* 1984 U.S.Code Cong. & Ad.News, p. 3182.

ed that a hearing be held. Cornell supported his motion with an affidavit in which he detailed the circumstances under which he agreed to act as surety and the extent of his cooperation with the government in attempting to locate Gutierrez. The government opposed the motion and filed its own affidavit reciting its lack of success in apprehending Gutierrez. Based upon the affidavits, the district court denied Cornell's motion without a hearing finding that to grant Cornell's request "would negate the whole purpose of the suretyship." On appeal, Cornell raises one issue. He argues the district court erred in refusing to hold a hearing in order to determine whether and to what extent the interests of justice required the enforcement of the forfeiture. We disagree.

■ Rule 46(e)(1), Fed.R.Crim.P., requires that the district court declare a forfeiture "[i]f there is a breach of condition of a bond." When Gutierrez failed to appear as ordered on August 15, the bond agreement was breached,[2] and the district court had no discretion in determining whether the bond should be forfeited. *See Appearance Bond Surety v. United States*, 622 F.2d 334, 336 (8th Cir.1980) (per curiam). *See also* 3A Wright, *Federal Practice and Procedure*, Criminal 2d § 776 (1982). Indeed, Cornell acknowledges the mandatory nature of Rule 46(e)(1). Prior to the entry of a judgment of default, however, "[t]he court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture." Fed.R.Crim.P. 46(e)(2). And unless the forfeiture is set aside, the court is further required to enter a judgment of default on motion of the government, after which execution may issue. Fed.R.Crim.P. 46(e)(3). Once judgment is entered, "the court may remit it in whole or in part under the conditions applying to the

setting aside of forfeiture...." Fed.R. Crim.P. 46(e)(4).

On the day Gutierrez failed to appear as ordered, the court entered judgment on the government's motion. No further hearings were held. Cornell argues that the court "was not sufficiently informed" to permit an assessment of the relevant factors bearing on the court's exercise of its discretion under Rule 46(e)(2) and (4), and thereby asserts that the court erred in failing to hold a hearing[3] on his motion.

■ The decision whether to set aside or remit a forfeiture rests within the sound discretion of the district court and will be reversed only if the court acted arbitrarily or capriciously. *United States v. Foster*, 417 F.2d 1254, 1256 (7th Cir.1969). Similarly, we hold that a district court's decision on a surety's request for a hearing on the motion is discretionary. *See United States v. Roher*, 706 F.2d 725, 728 (5th Cir.1983) (denial of hearing not an abuse of discretion where surety requested "an opportunity to present evidence with reference to the setting aside of the bond forfeitures or to develop further evidence with reference to what damages, if any, were suffered by the Government as a result of Defendant's nonappearance"). In the usual case, the factors that the district court should consider in making its determination regarding whether a forfeiture should be set aside or remitted include: "(1) the willfulness of the defendant's breach of conditions; (2) the participation of the surities in apprehending the defendant; (3) the cost, inconvenience and prejudice suffered by the government as a result of the defendant's breach; and (4) any explanation or mitigating factors presented by the defendant." *United States v. Castaldo*, 667 F.2d 20, 21 (9th Cir.1981), *cert. denied*, 456 U.S. 978, 102 S.Ct. 2245, 72 L.Ed.2d 853 (1982). It is not necessary that each of these factors be resolved in the government's favor for the district court to enforce full forfeiture.

**2.** A copy of the bond agreement does not appear in the record. It is not necessary, however, to review its contents since Cornell does not dispute that a breach occurred upon Gutierrez's failure to appear on August 15.

**3.** Although Cornell does not explicitly request an "evidentiary" hearing, we surmise it was his intent to do so.

United States v. Abernathy, 757 F.2d 1012, 1015 (9th Cir.1985) (per curiam). Additionally, if the movant is a surety, the court may consider whether the surety is a professional bondsman or one of defendant's friends or family members, and the appropriateness of the amount of the bond. United States v. Frias-Ramirez, 670 F.2d 849, 852 (9th Cir.), cert. denied, 459 U.S. 842, 103 S.Ct. 94, 74 L.Ed.2d 86 (1982). The court, however, may not consider the financial plight or interests of the movant. United States v. Ciotti, 579 F.Supp. 276, 278 (W.D.Pa.1984). See also United States v. Skipper, 633 F.2d 1177, 1180 (5th Cir. 1981) (denial of request to set aside forfeiture or remit affirmed although enforcement would cause financial hardship to sureties who were family members of defendant). However, none of these factors are applicable in the case before the court for Gutierrez has failed to appear. See United States v. Velez, 693 F.2d 1081, 1083 (11th Cir.1982).

■ In most cases, the setting aside of a forfeiture or its remission while the defendant is still at large would undermine the purpose of bail bonds, i.e., to insure the presence of the accused. United States v. Velez, 693 F.2d at 1084 n. 7; United States v. Skipper, 633 F.2d at 1180; United States v. Ciotti, 579 F.Supp. at 278. In Velez, however, remission of $30,000 of a $60,000 surety bond was allowed due to "the unusual circumstances" of the case. There, the Eleventh Circuit found that a bondsman justifiably believed that he had obtained a valid reduction of his obligation on a bail bond prior to the defendant's breach and, accordingly, concluded that the district court had abused its discretion in failing to remit a portion of the bond forfeiture. United States v. Velez, 693 F.2d at 1084. The instant case presents no such unique or special circumstances. The district court explained to Cornell in detail the risks of executing a bond, and we are convinced Cornell was well aware of his obligations thereunder. More importantly, since Gutierrez has failed to appear for trial and his whereabouts remain unknown, it cannot be said that the district court

abused its discretion by its failure to conduct a hearing on Cornell's motion.

Moreover, it is apparent that the district court based its decision on the affidavits submitted by both Cornell and the government. Where, as here, the affidavits of the parties adequately set forth the relevant facts, a full-scale evidentiary hearing is not required. See United States v. Castaldo, 667 F.2d at 22 (court's failure to conduct an evidentiary hearing not an abuse of discretion where parties' affidavits are sufficient and the sureties failed to request a hearing).

Accordingly, we conclude that the district court did not abuse its discretion in denying, without a hearing, petitioner's motion to set aside or remit the bond forfeiture.

AFFIRMED.