**UNITED STATES of America, Plaintiff,**

v.

**Soffy Mejia CARVAJAL and Luz Marina Carvajal, Defendants,**

**and**

**Soffy Mejia Carvajal and Ezzat Hanna, the shareholder of Northern Boulevard Realty Corp., Sureties.**

**No. 85 CR 596.**

United States District Court, E.D. New York.

Nov. 13, 1987.

Andrew J. Maloney, U.S. Atty., E.D.N.Y. (Ephraim Savitt, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for plaintiff.

Warren L. Millman, Flushing, N.Y., for Hanna.

McLAUGHLIN, District Judge.

This motion is brought by Ezzat Hanna, as surety, pursuant to Fed.R.Crim.P. 46(e)(2) and (4) for an order remitting bail and bond posted on behalf of the defendants Soffy Mejia Carvajal and Luz Marina Carvajal. For the reasons set forth below the motion is denied.

### FACTS

Hanna and the defendant Soffy Mejia Carvajal were the sole shareholders of

Northern Boulevard Realty Corporation ("the Corporation"). In November 1985, after the defendants were arrested charged with violating 21 U.S.C. §§ 842(a), 846, Hanna cosigned a bail bond in the amount of $350,000 for the defendants and executed, as surety, confessions of judgment in that amount. The real property that secured the bond was owned by the Corporation. On June 23, 1987, following the disappearance of the defendants, this Court ordered the real property forfeited to the United States.

Hanna moves this Court to reduce the bail to an amount that will equal the proceeds recovered by the sale of the forfeited property.[1] As grounds for this motion, Hanna asserts that he was misled by the attorney for defendant Soffy Mejia Carvajal into believing that he was pledging only the property of the Corporation and would not be obligating himself to a personal indebtedness.

## DISCUSSION

Rule 46(e) confers broad discretion on this Court to "remit in whole or in part" an order of forfeiture if it "appears that justice does not require the forfeiture." Fed.R.Crim.P. 46(e)(2); *see United States v. Velez*, 693 F.2d 1081, 1083 (11th Cir. 1982). In exercising that discretion, the following factors must be considered: whether the defendant's breach of the bond conditions was willful; the cost, inconvenience and prejudice suffered by the government as a result of the breach; and any explanation or mitigating factors presented by the defendant. *See United States v. Gutierrez*, 771 F.2d 1001, 1003 (7th Cir. 1985); *United States v. Castaldo*, 667 F.2d 20, 21 (9th Cir.1981), *cert. denied*, 456 U.S. 978, 102 S.Ct. 2245, 72 L.Ed.2d 853 (1982). Where, as here, the movant is a surety, two additional factors must be considered: whether the surety has assisted in the apprehension of the defendant; and whether

the surety is a professional or a friend or member of the defendant's family. *See United States v. Frias–Ramirez*, 670 F.2d 849, 852 (9th Cir.), *cert. denied*, 459 U.S. 842, 103 S.Ct. 94, 74 L.Ed.2d 86 (1982); *United States v. Bass*, 573 F.2d 258, 260 (5th Cir.1978); *United States v. Ciotti*, 579 F.Supp. 276, 278 (W.D.Pa.1984). The court cannot consider, however, the financial hardship of the movant because " 'it is the interests of justice—and not the interests of movant—which must be considered.' " *Ciotti, supra*, at 278 (quoting *United States v. Yim*, 348 F.Supp. 708, 710 (C.D. Cal.1972)).

Examining each of the factors, *seriatim*, I find that justice does not require a remission. First, the breach of the bond conditions clearly was willful. No one has offered an innocent explanation for the disappearance of the defendants. Second, the cost, inconvenience and prejudice suffered by the government was, and remains, substantial. The defendants disappeared in May 1987 and the government was forced to try them on drug charges *in absentia* in a jury trial before this Court that lasted over a month. Third, there is no explanation for their fugitive status, no less any mitigating factors. Fourth, Hanna has presented no evidence that he has assisted in any attempted apprehension of the defendants.

The fifth factor, however, cannot be disposed of as easily. It is undisputed that Hanna is not a professional surety. Rather, he is a friend and business associate of the defendant Soffy and relied on that friendship to his detriment. He also asserts that he believed that he was obligating himself only to the extent of his interest in the Corporation, which he owned jointly with Soffy. The facts, however, do not reasonably support this belief. The caption on the confessions of judgment reads "United States of America against

---

1. It is important to note for purposes of this decision that the property has not been sold yet. Hanna argues, however, that it is unlikely that the proceeds of the sale will meet the $350,000 required to satisfy the judgments. Without knowing the amount of money that ultimately will be recovered from the sale of the property (except that as noted on the bond, it is valued in excess of $100,000), this Court has no way of determining the amount for which Hanna would be personally liable.

Ezzat Hanna and Sophie Mejia Carvajal the shareholders of Northern Boulevard Realty Corp.". Soffy and Hanna signed the confessions of judgment in their individual capacities, not in their representative capacities. Hanna similarly signed the bonds in his individual capacity. Further, the attorney for defendant Soffy made an application to the magistrate who prepared the bonds, shortly after they were signed, to reduce Hanna's obligation under the bond to the value of the real property posted. The magistrate denied that application. Hanna's assertion that he was unaware of his personal exposure until March 9, 1987, under these facts seems disingenuous. If Hanna sincerely felt misled by Soffy's attorney he had ample opportunity to retain his own lawyer to make a subsequent application before both defendants fled.

Since the defendants did flee, and remain fugitives from justice, remission at this time would thwart the purpose of bail bonds, *see United States v. Skipper*, 633 F.2d 1177, 1180 (5th Cir.1981), which is to secure the defendants' presence. *See id.* It is a rare case indeed where remission of a forfeited bond is granted when the defendant has not reappeared. *See Velez, supra*, at 1084; *see also United States v. Diaz*, 811 F.2d 1412, 1415 (11th Cir.1987) (denial of motion to remit bond forfeiture proper when defendant is fugitive notwithstanding evidence that defendant was kidnapped while released on bail). I am not persuaded that the facts of this case allow me to deviate from these settled principles of law.

Accordingly, Hanna's motion for remission is denied.

SO ORDERED.