ALLEGHENY MUTUAL CASUALTY COMPANY, Appellant,

v.

UNITED STATES, Appellee.

No. 91–CO–1312.

District of Columbia Court of Appeals.

Argued Nov. 16, 1992.
Decided Jan. 29, 1993.

———————

Ed Wilhite, for appellant.

Pat M. Woodward, Jr., Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Thomas C. Black and John M. Facciola, Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, and SCHWELB and SULLIVAN, Associate Judges.

SULLIVAN, Associate Judge:

██ Appellant, Allegheny Mutual Casualty Company ("Allegheny"), appeals from the trial court's order denying without a hearing its motion to set aside a bond forfeiture pursuant to Super.Ct.Crim.R. 116(h)(2). Allegheny contends on appeal that the trial court abused its discretion in denying its motion to set aside a bond forfeiture and in refusing to conduct an evidentiary hearing on the motion to determine whether the bond forfeiture should be set aside. We agree with appellant that the trial court abused its discretion by not conducting an evidentiary hearing to determine whether the forfeiture should have been set aside. Accordingly, we reverse the order of the trial court and remand the case for an evidentiary hearing on Allegheny's motion.[1]

## I.

On January 10, 1990, Laura A. Knott was indicted for unlawful possession with intent to distribute a controlled substance in violation of D.C.Code § 33–541(a)(1) (1988). Thereafter, Knott made arrangements with Allegheny to post a surety bond for her release. On January 12, 1990, Knott was released after Allegheny's agent, John E. Light, posted a $5,000.00 surety bond with the trial court on her behalf. Knott subsequently pled guilty to the lesser included offense of attempted possession of a controlled substance and she was released by the trial court on her original bond and allowed to remain in the community pending her sentencing on April 18, 1990.

On April 17, 1990, Knott telephoned the Pretrial Services Agency ("Pretrial") and stated that she would be unable to appear for sentencing the next day because she was scheduled to have an abortion on that day at the Planned Parenthood Clinic in Annapolis, Maryland. Pretrial attempted to verify this information by placing a telephone call to the clinic but was not able to receive confirmation.[2] Pretrial, however, did file a memorandum with the trial court informing the court of Knott's telephone call and message.

At the sentencing hearing the following day, the trial court issued a bench warrant for Knott's arrest. On April 23, 1990, Knott appeared voluntarily before the court and was sentenced. The trial court subsequently issued notice to Allegheny that Knott's failure to appear at the sentencing hearing constituted grounds for forfeiture of Allegheny's bond and therefore the court directed forfeiture of the

---

1. In remanding the case for an evidentiary hearing, we express no opinion on the merits of Allegheny's contention that the bond forfeiture should be set aside. We leave that decision to the sound discretion of the trial court. As recognized by the court in *American Bankers Ins. Co. v. United States*, 596 A.2d 598, 601 n. 3 (D.C.1991), several factors are relevant to the exercise of the trial court's discretion, after an evidentiary hearing, in determining whether to set aside the forfeiture: "1) 'the willfulness of the defendant's breach of bond conditions', 2) 'the participation of the bondsman in rearresting the defendant', and 3) 'the prejudice suffered

by the government by the breach of the bond conditions.'" *Id.* (quoting *United States v. Nell*, 169 U.S.App.D.C. 380, 382, 515 F.2d 1351, 1353 (1975)) The court should also consider any "explanation or mitigating factors presented by the defendant." *United States v. Gutierrez*, 771 F.2d 1001, 1003 (7th Cir.1985).

2. It is not entirely clear that Pretrial could have received a confirmation even if it had been able to speak with someone at the clinic. Knott's privacy rights, if not any statutory rights she might have had under Maryland law, might have prevented the clinic from providing Pretrial with the information that it needed.

bond.[3]

Thereafter, Allegheny filed a motion with the trial court to set aside the forfeiture and remit the penalty. Allegheny argued that Knott, prior to the sentencing date, had informed the court that she would not be able to appear for sentencing; that Knott turned herself in to authorities within five days of the sentencing; and that the government suffered no prejudice as a result of Knott's failure to appear for sentencing. Although Allegheny requested a hearing, the trial court denied the motion without a hearing stating that "the court did not regard [the abortion] as a medical emergency sufficient to excuse Ms. Knott's appearance in court." Moreover, the court stated that "[t]he surety has made no showing of any efforts it made to secure the defendant's presence in court on April 18, 1990." This appeal followed.

## II.

Super.Ct.Crim.R. 116(h), which is virtually identical to Fed.R.Crim.P. 46(e), provides in relevant part as follows:

(1) Declaration. If there is a breach of condition of a bond, the [c]ourt *shall* declare a forfeiture of the bail.

(2) Setting aside. The [c]ourt may direct that a forfeiture be set aside upon such conditions as the [c]ourt may impose, *if it appears that justice does not require the enforcement of the forfeiture.*

(Emphases added.)

■■■ "Whether the trial court should set aside a forfeiture of a [surety] bond is within the trial court's sound discretion, and the trial court's decision will be reversed only upon a showing of abuse of discretion." *American Bankers Ins. Co. v. United States, supra* note 1, 596 A.2d at 601 (citing *United States v. Nell, supra* note 1, 169 U.S.App.D.C. at 382, 515 F.2d at 1353). Such discretion can most effectively be exercised if the court has been apprised of all of the relevant facts. *See, e.g., In re J.D.C.,* 594 A.2d 70, 75 (D.C. 1991). The discretion of the trial court is not limited to enforcing or remitting the forfeiture in its entirety. Rather, the judge may enforce the forfeiture in part and vacate it in part. *Hicks v. Commonwealth,* 265 Ky. 123, 95 S.W.2d 1076, 1077–78 (1936); *People v. Puliafico,* 49 N.Y.S.2d 43, 44–45 (N.Y.Co.Ct.1944). Because "[t]he mandatory quality of [Rule 116(h)(1) ] is thus considerably tempered by the discretion and flexibility contained in [Rule 116(h)(2) ]," *United States v. Nell, supra,* 169 U.S.App.D.C. at 382, 515 F.2d at 1353, the same standard of review, abuse of discretion, should also apply when a party seeking to set aside a forfeiture appeals from a denial of a request for an evidentiary hearing. *See Id.*[4]

■■■ Moreover, "when data bearing on relevant factors is proffered, the holding of an evidentiary hearing is essential to an informed exercise of discretion based on 'what is right and equitable under the circumstances and the law.'" *Id.* at 382–383, 515 F.2d at 1353–1354 (quoting *Langnes v. Green,* 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520 (1931)). Although a trial court may decide to forego such a hearing if it decides that it already has enough *facts* necessary to make a determination, *see United States v. Diaz, supra* note 4, 811 F.2d at 1414, a party is entitled to a hearing when it can demonstrate "any rational basis for remission of the bond forfeiture." *Id.* Accordingly, the moving party should proffer some evidence to show that a hearing would be helpful in meeting its burden of proof. *See id.*

■■■ Given the proffer made in Allegheny's motion, and the absence of necessary facts to enable the trial court to make a proper determination of whether the bond should have been forfeited, it was error for the trial court not to have held an evidentiary hearing on Allegheny's motion.

---

**3.** Although the bond forfeiture was later vacated by a court jacket entry made by an unknown person acting without court authority, the unauthorized entry was subsequently vacated and the forfeiture was reinstated by a later court order.

**4.** *See also United States v. Diaz,* 811 F.2d 1412, 1414 (11th Cir.1987); *United States v. Gutierrez, supra* note 1, 771 F.2d at 1003; *United States v. Roher,* 706 F.2d 725, 728 (5th Cir.1983); *United States v. Castaldo,* 667 F.2d 20, 22 (9th Cir.1981).

Knott's conduct in telephoning Pretrial before the sentencing hearing and voluntarily returning to court within five days of the hearing showed *prima facie* that she was attempting to adhere to the court-imposed conditions of her bond release. The record is devoid of any evidence which would support the trial court's finding that the alleged scheduled abortion was not the result of a medical emergency. Thus, the present case is distinguishable from *United States v. Cervantes*, 672 F.2d 460, 462 (5th Cir. 1982), wherein the court found *after an evidentiary hearing* that medical treatment received by a defendant was not for a medical emergency and, thus, did not preclude the defendant from appearing in court. *Id.* Accordingly, the court should have afforded Allegheny an opportunity to explain the reason(s) why, in the face of such apparent diligence, Knott failed to appear for sentencing.

 An evidentiary hearing also would have afforded Allegheny's representative an opportunity to provide testimony about his customary practices and procedures for attempting to secure the presence of defendants in court[5] and any efforts on his part to apprehend defendants who have failed to appear at scheduled hearings. Finally, an evidentiary hearing would have afforded the court an opportunity to consider and address the following: any prejudice or damages suffered by the government as a result of Knott's failure to appear,[6] any explanation or mitigating factors presented by Knott, and the surety's own diligence or lack thereof.[7]

In our view, because the trial court was not in possession of all the facts at the time it declined to set aside the bond forfeiture, an evidentiary hearing "was essential to determine whether 'justice require[d] the enforcement of the forfeiture.'" *United States v. Nell, supra,* 169 U.S.App.D.C. at 382, 515 F.2d at 1354 (quoting Fed. R.Crim.P. 46(e)(2)).

Accordingly, we reverse the judgment and remand the case to the trial court.

---

5. Allegheny's representative had no specific recollection or personal knowledge about Knott and her reasons for not appearing in court. Moreover, his business papers had been stolen in an apparent burglary. Nonetheless, he had proffered in his motion and accompanying affidavit general information about his business practices in securing the presence of defendants in court and his practices and procedures for attempting to apprehend those defendants who had failed to appear in court.

6. Knott had already entered a plea of guilty, and no witnesses were under subpoena. She voluntarily appeared for sentencing five days after the scheduled date. The apparent monetary loss or other prejudice to the government may therefore have been minimal. We agree with the court in *United States v. Kirkman*, 426 F.2d 747, 752 (4th Cir.1970), that any forfeiture ought to bear some reasonable relation to the cost and inconvenience to the government.

7. A surety which has failed to carry out its responsibilities has little, if any, basis for requesting the exercise of the court's discretion in its favor. *Cf. United States v. Gil,* 657 F.2d 712,

716 (5th Cir.1981) (court denied remission, in part, because surety was "extremely lax"). Where, on the other hand, the surety has taken all reasonable steps to perform its obligations, then its diligence is a factor which the court may consider in determining whether justice warrants any relief from the forfeiture. *State v. O'Day,* 36 Wash.2d 146, 216 P.2d 732, 738 (1950) (surety's efforts "promptly exerted and entirely successful"); *Hicks, supra,* 95 S.W.2d at 1078; *see also Kirkman, supra* note 7, 426 F.2d at 751 (forfeiture set aside where "[it] is difficult to conceive what [sureties] could have done to obtain Kirkman's presence at trial"). "[E]ncouragement ... should be afforded vigilant and thrifty bondsmen in assisting in the thorough administration of the law's penalties." *State v. Olson,* 127 Wash. 300, 220 P. 776, 777 (1923). It has been held not to be an abuse of discretion, however, to decline to vacate a forfeiture even against a conscientious surety, where the defendant failed to appear in court on the designated date. *Crompton v. State,* 78 So.2d 692, 694 (Fla.1955).