## INDIANA LUMBERMEN'S MUTUAL INSURANCE CO., Appellant,

v.

## UNITED STATES, Appellee.

No. 93–CO–725.

District of Columbia Court of Appeals.

Argued Jan. 24, 1994.
Decided April 25, 1994.

Alan S. Toppelberg, Washington, DC, for appellant.

G. Michael Lennon, Asst. U.S. Atty., with whom J. Ramsey Johnson, U.S. Atty. at the time the brief was filed, and John R. Fisher, and Thomas J. Tourish, Jr., Asst. U.S. Attys., Washington, DC, were on the brief, for appellee.

Before FERREN*, STEADMAN and SULLIVAN, Associate Judges.

SULLIVAN, Associate Judge:

Appellant, Indiana Lumbermen's Mutual Insurance Company ("Indiana Lumbermen"), appeals from the trial court's order denying without a hearing its motion to set aside a bond forfeiture pursuant to Super.Ct.Crim.R. 116(h)(2). Indiana Lumbermen contends that the trial court abused its discretion in (1) denying its motion to set aside the bond forfeiture on the basis of impossibility of performance and (2) failing to conduct a hearing to ascertain whether the forfeiture should have been set aside. We affirm.

### I.

Kenneth Rogers ("Rogers"), a/k/a Barry Winston Amos, was charged with two counts of forgery and uttering in June 1979 and released under a previous bail bond, not at issue in this proceeding. Neither Rogers nor his attorney appeared at his scheduled arraignment on those charges. Consequently,

---

\* Judge FERREN was an Associate Judge of this court at the time of argument. His status changed to Acting Chief Judge on March 18, 1994.

a bench warrant was issued for his arrest, and that first bond was forfeited.

Rogers remained at large for nine years[1] until he was apprehended in the District of Columbia in April 1988. Following his rearrest, Rogers appeared before the trial court and entered a plea of not guilty. The trial judge then ordered Rogers held in custody unless a $10,000 bail bond was posted to guarantee his appearance on his scheduled court dates. Indiana Lumbermen posted the $10,000 appearance bond which is now the subject of this appeal.

As a condition of his release on bond, the trial judge ordered Rogers to appear at a status hearing on May 5, 1988. Rogers arrived late for the May 5th hearing. The trial judge warned him about being late, and then, after being advised of the potential penalties for failing to appear, Rogers was once again released and scheduled to appear for a further status hearing on June 2, 1988. Rogers failed to appear for the June 2nd status hearing. His counsel was in attendance, but no representative from Indiana Lumbermen was present. The trial judge therefore issued another bench warrant and ordered that the appearance bond guaranteed by Indiana Lumbermen be forfeited.

On August 4, 1988, Rogers was arrested by Maryland authorities on a charge of Daylight Housebreaking. Upon learning Rogers was in custody in a Baltimore jail, Indiana Lumbermen advised the District of Columbia Superior Court of his whereabouts, placed detainers against him, and offered to pay the expenses of transporting him to the District of Columbia, provided the government would request extradition. Neither the trial court nor the government, however, took action to bring Rogers to the District of Columbia for trial. Subsequently, Rogers was sentenced on August 1, 1989 to a twenty-five year term without parole in the Maryland State Correctional Institution at Hagerstown for Daytime Housebreaking, running from February 21, 1988 to the year 2013.

On February 5, 1993 the Superior Court Criminal Finance Office made demand upon Indiana Lumbermen for the $10,000 bail guaranteed by the bond, due and payable on May 7, 1993. On May 3, 1993, Indiana Lumbermen moved to set aside the bond forfeiture. The trial judge denied that motion in a written opinion dated May 4, 1993.

## II.

Super Ct.Crim.R. 116(h) governs the forfeiture of bail bonds. It states, in relevant part, the following:

(1) Declaration. If there is a breach of condition of a bond, the [c]ourt shall declare a forfeiture of the bail.

(2) Setting aside. The [c]ourt may direct that a forfeiture be set aside, upon such conditions as the [c]ourt may impose, if it appears that justice does not require the enforcement of the forfeiture.

■ "Whether the trial court should set aside a forfeiture of a personal appearance bond is within the trial court's sound discretion, and the trial court's decision will be reversed only upon a showing of abuse of discretion." *American Bankers Ins. Co. v. United States*, 596 A.2d 598, 601 (D.C.1991) (footnote and citation omitted). In exercising its discretion, the trial court is to weigh a number of factors, including, but not limited to:

the willfulness of the defendant's breach of bond conditions, the participation of the bondsman in rearresting the defendant, and the prejudice suffered by the government by the breach of the bond conditions.

*United States v. Nell,* 169 U.S.App.D.C. 380, 382, 515 F.2d 1351, 1353 (1975) (footnotes omitted).

■ This Court does not prescribe the weight to be given to the aforementioned factors. Indeed, the trial judge is free to consider and weigh, as [s]he deems appropriate, any information relevant to the particular case before him or her. However,

when data bearing on relevant factors is proffered, the holding of an evidentiary hearing is essential to an informed exercise

---

1. Correspondence from the Maryland Department of Public Safety and Correctional Facilities to the agent of the surety indicates that Rogers was arrested in Baltimore, Maryland on September 23, 1982, and held in various Maryland facilities until paroled on October 23, 1987.

of discretion based on "what is right and equitable under the circumstances and the law."

*Nell, supra,* 169 U.S.App.D.C. at 382–83, 515 F.2d at 1353–54 (footnote omitted). Such an evidentiary hearing enables the trial judge to apprise himself or herself of all the facts and explore them more thoroughly.

This Court recently examined the necessity of holding evidentiary hearings in bond forfeiture cases in *Allegheny Mut. Cas. Co. v. United States,* 622 A.2d 1099 (D.C.1993). In *Allegheny,* we considered whether the denial of a request for an evidentiary hearing constituted an abuse of discretion. In that case, a surety filed a motion to set aside the forfeiture of a bail bond and requested a hearing. In its motion, the surety argued that mitigating factors justified the setting aside of the bond forfeiture. In particular, the defendant, who failed to appear on the scheduled sentencing date, had informed the court that she would be unable to appear for sentencing because she was scheduled to have an abortion on that date. She subsequently turned herself in to authorities within five days of the sentencing. As a result, she argued that the government had suffered no prejudice from her failure to appear on the scheduled date. *Allegheny, supra,* 622 A.2d at 1101. The trial court denied the surety's motion without a hearing. We reversed and remanded the case for an evidentiary hearing on the surety's motion because the surety had proffered specific information to the trial court relevant to the decision of whether to set aside or enforce the bond forfeiture.

As *Allegheny* makes clear, this Court must first determine whether "data bearing on relevant factors" was proffered by Indiana Lumbermen. A hearing is unnecessary, and indeed a waste of precious judicial resources, if no relevant information is presented to the trial court which justifies the holding of a hearing. In *Allegheny,* the surety set forth specific facts explaining its failure to get the defendant to court for sentencing on the scheduled date. The information made available to the trial judge related directly to the *Nell* factors, in particular, the willfulness of defendant's breach of bond conditions and the prejudice to the government. A hearing was necessary, "[g]iven the proffer made in [the surety's] motion, and the absence of necessary facts to enable the trial court to make a proper determination...." *Allegheny, supra,* 622 A.2d at 1101.

■ In the present case, on the date of Rogers' status hearing, only his attorney appeared before the trial court; the attorney made no attempt to explain or justify his client's absence. Moreover, the record does not show that appellant *ever* appeared before the trial court, prior to Rogers' subsequent apprehension, with an explanation of mitigating circumstances. In its motion to set aside the forfeiture, appellant did not demonstrate that despite its most diligent efforts to locate defendant, it could not do so *before* the date of the scheduled status hearing. In fact, appellant candidly admits that Rogers was a free man on the date of the scheduled status hearing but nonetheless argues that because Rogers was incarcerated two months *after* his scheduled appearance date, the bond forfeiture should be set aside. The record is clear, however, that Rogers' failure to appear before the trial court on June 2, 1988, had nothing to do with his subsequent crimes and incarceration in Maryland.[2]

In *Allegheny,* we also held that a "trial court may decide to forego [an evidentiary] hearing if it decides that it already has enough *facts* necessary to make a determination." *Allegheny, supra,* 622 A.2d at 1101 (citation omitted). Here, in addition to the foregoing, the trial court was aware of the following uncontroverted facts: (1) Rogers was originally arrested in June of 1979 and forfeited a $10,000 bond for failing to appear for his arraignment; (2) He was rearrested on that 1979 charge and again failed to show

---

**2.** Rogers was *not* incarcerated on the date he was due before the trial court. Therefore, those cases cited by appellant in which bond forfeitures were set aside when the bailed defendant was incarcerated in a foreign jurisdiction and physically prevented from appearing in the bail-

ing state are inapposite. *Cf. State v. Cummings,* 724 S.W.2d 316 (Mo.Ct.App.1987); *State v. Allied Fidelity Corp.,* 62 Md.App. 291, 489 A.2d 61 (1985); *State v. Smith,* 14 Ohio App.3d 14, 469 N.E.2d 945 (1984); *State v. Amador,* 98 N.M. 270, 648 P.2d 309 (1982).

up at his June 1988 status hearing, thus forfeiting the $10,000 bond at issue in this proceeding; and (3) Indiana Lumbermen chose to post bond for a risky candidate. No information was proffered, including *Nell* factors, to excuse Rogers' non-appearance on June 2nd. As the trial judge's order forfeiting the bond makes clear, Rogers' failure to appear in court on June 2, 1988 prejudiced the government in part because Rogers had "effectively avoided all prosecution in this felony case for nine years." Further, no evidence was proffered to show that a hearing would produce additional facts to aid appellant in demonstrating that the forfeiture should be set aside. Because the trial court had all the necessary facts to make a just and equitable decision on appellant's motion to set aside the bond forfeiture, it was hardly an abuse of discretion for the trial court to deny appellant's motion without an evidentiary hearing that was *never* requested.

### III.

 Having established that an evidentiary hearing was unnecessary, we now turn to the trial court's denial of appellant's motion to vacate the forfeiture. This Court recognized in *Allegheny, supra,* 622 A.2d at 1102 n. 7, that "[a] surety which has failed to carry out its responsibilities has little, if any, basis for requesting the exercise of the court's discretion in its favor." Here, the trial court found that appellant's motion to set aside the forfeiture presented no facts to dispute, explain or mitigate its failure to get Rogers to court on June 2, 1988.

It is firmly established that factual determinations upon which the trial court bases its exercise of discretion will not be disturbed, unless they are plainly wrong or unsupported by the evidence of record. D.C.Code § 17–305(a) (1989). Thus, a trial court's denial of a motion to set aside a bond forfeiture will be reversed only upon a showing of abuse of discretion. *American Bankers, supra,* 596

---

**3.** We cannot agree with appellant's suggestion that the trial court failed to consider relevant *Nell* factors. These factors were extensively argued in appellant's motion, and the trial court order touched upon at least two of them.

A.2d at 601. Here, as previously recounted, we find ample support in the record for the trial court's determination that forfeiture was proper due to appellant's failure to fulfill the terms of the bond.[3] We therefore conclude that the trial court did not abuse its discretion in denying appellant's motion to vacate the forfeiture. The judgment on appeal is

*Affirmed.*