667 F.2d 20
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest Joseph CASTALDO, Defendant-Appellant,
Cotton Belt Insurance Company, Inc., Insurance Company of
the West and Neil Frederick Miller, Sureties, Real
Parties in Interest and Appellants.
 No. 80-5258.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 9, 1981.
Decided Nov. 23, 1981.
 
 William T. Murphy, Law Office of Chris A. Schaefer, San Rafael, Cal., for defendant-appellant.
 Henry H. Rossbacher, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before SKOPIL, FARRIS and BOOCHEVER, Circuit Judges.
 BOOCHEVER, Circuit Judge.
 
 
 1
 At issue in this appeal is whether the trial court abused its discretion in refusing to set aside or remit a bond forfeited pursuant to Fed.R.Crim.P. 46(e) (1) following Castaldo's failure to appear at a scheduled post-conviction hearing.
 
 
 2
 Rule 46(e)(1) mandates the forfeiture of a bond upon the breach of a bond condition, such as the defendant's non-appearance. The rule, however, confers discretion upon the trial court to set aside or remit all or part of a forfeiture "if it appears that justice does not require the enforcement of the forfeiture." Fed.R.Crim.P. 46(e)(2) and (4). A trial court should consider several factors when deciding whether to remit or set aside a forfeiture, including 1) the willfulness of the defendant's breach of conditions; 2) the participation of the sureties in apprehending the defendant; 3) the cost, inconvenience and prejudice suffered by the government as a result of the defendant's breach; and 4) any explanation or mitigating factors presented by the defendant. See United States v. Stanley, 601 F.2d 380, 382 (9th Cir. 1979) (per curiam). We will not overturn a trial court's ruling on a motion to set aside or remit a forfeiture absent an abuse of discretion. Id. at 382.
 
 
 3
 The facts herein do not support a finding of an abuse of discretion. The record contains ample support for upholding the forfeiture. Affidavits submitted by the parties showed that: Castaldo's breach was willful; the bonding companies took no active role in apprehending Castaldo; and the government incurred considerable, although unspecified, expense in its 170 day search for Castaldo. No mitigating factors were offered. Moreover, the appellants were experienced at bonding criminal defendants. They were aware of the risks of executing and filing a bond on Castaldo's behalf. The government had even apprised them that it perceived Castaldo as a likely candidate for "jumping bail."
 
 
 4
 Nor did the trial court abuse its discretion by failing to conduct a full-scale evidentiary hearing on the bonding companies' motion to set aside or remit. The court based its decision on adequate evidence contained in the parties' affidavits. Moreover, the sureties never requested an evidentiary rehearing.
 
 
 5
 Finally, the appellants' policy argument fails. The forfeiture will not have a chilling effect on the willingness of bonding companies to help criminal defendants exercise their constitutional right to bail. Instead, it will encourage bonding companies to ascertain more carefully the value of the security given by defendants, to consider the likelihood of the defendant breaching a bond condition, to take reasonable precautions to assure the defendant's appearance, and to cooperate fully in efforts to reapprehend a defendant who fails to appear.
 
 
 6
 The district court's order is AFFIRMED.