**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Donald Ray ABERNATHY, Daniel
David Abernathy,
Defendants-Appellants.**

**Nos. 84–1141, 84–1142.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 1984.

Decided April 9, 1985.

---

James E. Mueller, Tucson, Ariz., for defendants-appellants.

Francisco Leon, Federal Public Defender, Tucson, Ariz., for plaintiff-appellee.

Before SCHROEDER, FLETCHER and CANBY, Circuit Judges.

PER CURIAM:

Donald and Daniel Abernathy appeal from the Arizona district court's declaration of forfeiture of bond against them for failure to obey the release orders of a Utah magistrate directing them to appear in Arizona. Because venue was proper in Arizona and the court did not abuse its discretion in refusing not to enforce forfeiture or

remit bond, the orders of the district court are affirmed.

## I.  FACTS

On September 29, 1981 appellants Donald Ray Abernathy and Daniel David Abernathy, under other assumed names, were indicted by a federal grand jury in Tucson, Arizona, for fifteen counts of mail fraud. Arrest warrants were issued in Arizona and bail was fixed at $100,000.

Appellants were not arrested until almost two years later in the District of Utah. Both appellants posted $25,000 bonds following separate bond reduction hearings before a magistrate in Utah. The magistrate's order specifying the conditions of release directed Daniel Abernathy (using the assumed name Smith) to appear in Tucson, Arizona, on October 3, 1983 at 10:00 a.m. The minute entry mirrored the order. The order of release as to appellant Donald Abernathy (using the assumed name Snow) also directed him to appear in Tucson on October 3, 1983 at 10:00 a.m. The minute entry, however, additionally reflected that he was to report to the United States Marshall's Office in Tucson.

When appellants failed to report as directed, the United States moved for a judgment of default on the bonds in the Arizona district court. Prior to the hearing date set for this motion, the district court granted the government's new motion to strike the hearing date and to declare forfeiture of the Utah bonds.

On January 13, 1984, appellants were arrested in the Western District of Tennessee and were removed from Tennessee to the District of Arizona. Arraignment took place in Arizona where appellants under their true names pled not guilty to the mail fraud indictment. Appellants filed a joint motion to set aside the bond forfeiture which the government opposed. On April 23, 1984, the court denied defendants' motion to set aside the forfeiture and, on the following day, granted the government's motion for judgment of default.

## II.  DISCUSSION

### A.  Venue.

■ The appellants contend that venue for the bond forfeiture proceeding was not proper in the District of Arizona because the District of Utah, where bail was originally set and release orders issued, was the only place where forfeiture proceedings could be heard. The government does not dispute that venue may have been proper in Utah, but argues that venue was also proper in Arizona because the appellants were directed by the Utah magistrate to report in Arizona and they failed to do so. Because venue is a question of law, we review this dispute *de novo*. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied,* — U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

■ Rule 46(e)(1), Fed.R.Crim.P., provides for a declaration of forfeiture upon a breach in the conditions of release. Penalties, including forfeiture of bond for bail jumping, are also set forth at 18 U.S.C. § 3150. While this section appears criminal in nature, an action to enforce a bond forfeiture, which is essentially an action on a contract between the government and the defendants, is a civil action, not a criminal prosecution. *United States v. Plechner*, 577 F.2d 596, 597 (9th Cir.1978).

The federal venue statute regarding forfeiture, 28 U.S.C. § 1395(a), states:

"A civil proceeding for the recovery of a pecuniary fine, penalty or forfeiture may be prosecuted in the district court where it accrues or the defendant is found."

■ Because the appellants were not found in either Arizona or Utah, the threshold question in applying this section to this case is determining where the forfeiture "accrued." Appellants contend that the forfeiture accrued in Utah because the appellants' failure to appear in Arizona was an affront to the power and dignity of the releasing court. *See United States v. Roche*, 611 F.2d 1180 (6th Cir.1980) (criminal prosecution under 18 U.S.C. § 3150). Their argument is that because they were under the continuing jurisdiction of the Utah district court it alone could hear the

case for forfeiture.[1] The government, however, makes the stronger argument that forfeiture could not accrue until such time as the defendants violated the conditions of release by failing to do the required act of reporting to the district court of Arizona. Since the required act was to be performed in Arizona, the government argues that venue is proper in that district.

While the appellants are correct in stating that a failure to obey the Utah order was an affront to that court, the fact that the appellants failed to appear in Arizona and the need for the court in Arizona to have some control over those directed to report there, leads to the conclusion that the forfeiture "accrued" in Arizona and venue was at least concurrently proper there.[2]

### B. *Failure to Set Aside Forfeiture or Remit Bond.*

■ The appellants argue that the district court erred both in granting the government forfeiture of bond and in refusing to remit any portion of that bond to appellants. In reviewing the district court's decisions with respect to each of these issues this court should apply an abuse of discretion standard. *United States v. Frias-Ramirez,* 670 F.2d 849, 852 (9th Cir.), *cert. denied,* 459 U.S. 842, 103 S.Ct. 94, 74 L.Ed.2d 86 (1982); *United States v. Castaldo,* 667 F.2d 20, 21 (9th Cir.1981), *cert. denied,* 456 U.S. 978, 102 S.Ct. 2245, 72 L.Ed.2d 853 (1982).

■ Rule 46(e)(1), Fed.R.Crim.P., makes the district court's declaration of forfeiture mandatory upon a breach by the bailees of the conditions of release. While the declaration of forfeiture is mandatory, Rules 46(e)(2) and (e)(4) allow the district court to set aside or remit all or part of the bond if it appears that justice will not be served by enforcing the forfeiture. In making the decision of whether to grant relief from forfeiture, the district court has wide discretion. *United States v. Stanley,* 601 F.2d 380, 382 (9th Cir.1979).

In *United States v. Castaldo, supra* at 21, this court enumerated four factors a district court may consider when making its decision of whether to enforce forfeiture:

1. the bailee's willfulness in breaching release conditions;

2. the surety's participation in apprehending the bailee (irrelevant here);

3. the cost, inconvenience, and prejudice suffered by the government as a result of the bailee's breach; and

4. mitigating factors or explanations offered by the bailee.

However, not all of these factors need be resolved in the government's favor for the district court to enforce full forfeiture. *See Stanley,* 601 F.2d at 382 (no showing of costs or prejudice to government). Although the summary nature of the district court's order does not make clear what the court considered in reaching its decision, the record supports the action taken.

■ The appellants' failure to report in Arizona appears willful. The appellants' release orders specified that they were to appear in Arizona on October 3, 1983, and that they were authorized to travel only from Utah to Arizona. The consequences of failure to appear were specified in the paper that the appellants signed to obtain release. Yet, despite the limited authorization and the warnings appellants failed to appear and, in fact, fled nearly 1,500 miles using new aliases. These actions by themselves are sufficient to show willfulness. *See, e.g., United States v. Hall,* 346 F.2d 875 (2d Cir.), *cert. denied,* 382 U.S. 910, 86 S.Ct. 250, 15 L.Ed.2d 161 (1965). Second, the government's protracted search for, reapprehension of, and additional proceedings against the appellants provide a basis for finding that the government suffered considerable cost and inconvenience even if the

---

1. It is noteworthy however that the terms specified in appellants bond papers allow any district court having cognizance of the matter at the time of the breach to declare forfeiture.

2. We need not and do not decide if accrual and thus venue is also proper in Utah. We note, however, that there is no prohibition on two districts having concurrent venue.

dollar amounts are unspecified. *Castaldo*, 667 F.2d at 21. Third, although the appellants may have offered the explanation below that they feared for their lives if eventually returned to the District of Florida (the only factor they put forth to mitigate forfeiture), the hearing transcript makes clear that the district court considered this explanation and rejected it in its final order. That determination was within the district court's discretion. *See United States v. Miller*, 451 F.2d 1306, 1307 (4th Cir.1971) (death threats no defense to bail jumping especially where no protection from authorities was sought).

We find no abuse of discretion. The judgment of the district court is AFFIRMED.