17 F.3d 572
 UNITED STATES of America, Appellee,
v.
John GAMBINO, also known as "Giovanni", Joseph Gambino, also
known as "Guiseppe", Defendants,
Vittoria Gambino and Tommy Gambino, Sureties-Appellants.
 Nos. 986, 987, Dockets 93-6055, 93-6247.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 9, 1994.
Decided Feb. 24, 1994.
 
 Frederick H. Cohn, New York, NY, for appellants Vittoria Gambino and Tommy Gambino.
 Kathleen A. Zebrowski, Asst. U.S. Atty., New York, NY (Mary Jo White, U.S. Atty., and Ping C. Moy, Asst. U.S. Atty., on the brief), for appellee United States of America.
 Before: TIMBERS, MINER, and McLAUGHLIN, Circuit Judges.
 TIMBERS, Circuit Judge:
 
 
 1
 Appellants Vittoria Gambino and Tommy Gambino appeal from orders entered in the Southern District of New York, Peter K. Leisure, District Judge, 809 F.Supp. 1048 (S.D.N.Y.1992), requiring appellants as sureties on John Gambino's appearance bond to forfeit $2,000,000. On January 4, 1993, the court granted the government's motion for forfeiture and entry of judgment against appellants; the court also ordered the foreclosure of the real property securing the bond. On August 5, 1993, the court denied appellants' motion for remission of the $2,000,000 judgment.
 
 
 2
 On appeal, appellants contend that the court erred in holding that the government's removal of John Gambino's electronic bracelet did not relieve them of their obligations on the bond. They also contend that the court abused its discretion in denying their partial remission motion. We reject these contentions. We affirm.
 
 I.
 
 3
 We summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.
 
 
 4
 John Gambino was arrested on January 4, 1990. He later was charged in a superseding indictment with narcotics and racketeering violations. On January 5, 1990, he was released on a $2,000,000 personal recognizance bond signed by Vittoria Gambino, his wife, and Tommy Gambino, his son. The bond was secured by John and Vittoria's home and an apartment building owned by Tommy Gambino. John Gambino's bond was conditioned on house arrest, electronic bracelet monitoring, installation of a pen register on his home and work phones, and surrender of his passport. The terms of the bond allowed him to work, to visit his attorneys, to attend religious services, to keep medical appointments, and to visit with preapproved individuals at his home. John Gambino also was required to submit a weekly schedule of his movements.
 
 
 5
 On July 8, 1992, the court granted the government's request to discontinue the electronic monitoring of John Gambino. The government's request was on the ground that the electronic monitoring system was ineffective because of the frequent "black-out" periods permitted John Gambino under the terms of his release. The monitoring system was turned off during these "black-out" periods to allow John Gambino to leave his home.
 
 
 6
 On September 1, 1992, the government learned that John Gambino had violated the bail agreement and had fled justice on August 31, 1992 by failing to keep an appointment with his heart physician in Houston, Texas. After an extensive international manhunt, government agents on September 17, 1992 arrested John Gambino and his brother, Joseph Gambino, at a hotel in Fort Lauderdale, Florida. Subsequently, the court entered orders requiring the sureties to forfeit the full amount of the $2,000,000 bond.
 
 II.
 
 7
 (A) RELIEF FROM THE BOND OBLIGATIONS
 
 
 8
 On appeal, appellants contend that they were relieved of their obligations on John Gambino's appearance bond by the government's elimination of the electronic bracelet monitoring without providing formal notice to them. This claim is without merit.
 
 
 9
 A surety is not relieved of its obligation on a bond by a modification of bail conditions unless the government has materially increased the surety's risk without notice to and consent of the surety. E.g., Allstate Ins. Co. v. American Bankers Ins. Co., 882 F.2d 856, 862 (4 Cir.1989); United States v. Robinson, 453 F.Supp. 1, 3 (S.D.N.Y.1977). Moreover, notice and consent reasonably may be inferred by circumstantial evidence; they do not require direct proof. United States v. Egan, 394 F.2d 262, 267 (2 Cir.), cert. denied, 393 U.S. 838, 89 S.Ct. 116, 21 L.Ed.2d 109 (1968).
 
 
 10
 Our review of the evidence satisfies us that the court properly held that the removal of the electronic bracelet did not materially increase the risk of flight. The evidence shows that the electronic monitoring system was ineffective in preventing John Gambino from fleeing justice because of the frequent "black-out" periods to which he was entitled. Since we hold that removal of the electronic monitoring system did not constitute a material change of the bond conditions, we need not reach the issue of whether appellants had notice and consented to the removal of the electronic bracelet.
 
 
 11
 We affirm the court's holding that appellants were not relieved of their obligations on the bond.
 
 
 12
 (B) DENIAL OF REMISSION
 
 
 13
 Appellants also contend that the court abused its discretion in denying their motion for partial remission of the $2,000,000 judgment against them. We disagree.
 
 
 14
 Fed.R.Crim.P. 46(e) permits the court to remit a forfeiture judgment "if it ... appears that justice does not require the forfeiture". The burden of establishing grounds for remission is on the party challenging the forfeiture. United States v. Egan, supra, 394 F.2d at 267. The court must consider several factors in evaluating the remission motion:
 
 
 15
 "whether the defendant's breach of the bond conditions was willful; the cost, inconvenience and prejudice suffered by the government as a result of the breach; ... any explanation or mitigating factors presented by the defendant; ... whether the surety has assisted in the apprehension of the defendant; and whether the surety is a professional or a friend or member of the defendant's family."
 
 
 16
 United States v. Carvajal, 674 F.Supp. 973, 974 (E.D.N.Y.1987) (citations omitted). We will not reverse the court absent an abuse of discretion. United States v. Peerless Ins. Co., 343 F.2d 759, 759 (2 Cir.) (per curiam), cert. denied, 382 U.S. 832 (1965).
 
 
 17
 We hold that the court did not abuse its discretion. The court properly considered the factors set forth above. It held that they weighed in favor of forfeiture of the full amount of the bond. We add another factor to be considered: the deterrence value of total forfeiture. We believe that the deterrence value served by total forfeiture is especially important in high-profile narcotics and racketeering cases such as the instant one. United States v. Agueci, 379 F.2d 277, 278 (2 Cir.) (per curiam), cert. denied, 389 U.S. 897 (1967).
 
 
 18
 We affirm the court's denial of appellants' motion for remission.
 
 III.
 To summarize:
 
 19
 The court correctly held that appellants were not relieved of their obligations on the bond by the government's modification of the bond conditions. The court did not abuse its discretion in denying appellants' motion for partial remission of the $2,000,000 judgment against them.
 
 
 20
 Affirmed.