116 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Arnold W. WYSOCKI, Defendant-Appellant.
 No. 96-50146.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted June 3, 1997.
June 6, 1997.
 
 Appeal from the United States District Court for the Southern District of California, D.C. No. CR-91-01045-4-WBE; William B. Enright, District Judge, Presiding.
 Before: SCHROEDER, BRUNETTI, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Arnold Wysocki appeals from the sentence imposed by the district court following his guilty plea to conspiracy to import cocaine. The sentence was entered pursuant to a written plea agreement and after Wysocki had violated the conditions of that agreement. Appellant timely appeals.
 
 I. Compliance with the Plea Agreement
 
 3
 Wysocki breached the plea agreement in a number of ways. Most egregiously, he submitted falsified documents which purported to illustrate that he had already paid his attorney for expenses and fees. The district court was "absolutely convinced" that these documents were false and our review of the record does not reveal clear error in this finding. See United States v. Salemo, 81 F.3d 1453, 1460 (9th Cir.) (whether facts demonstrate that defendant breached plea agreement is reviewed for clear error); cert. denied, 117 S.Ct. 436 (1996). Thus, Wysocki's submission of false documents violated the provision of the plea agreement where he agreed to "give no less than truthful information and testimony" and that failure would "constitute a most serious violation of this plea agreement."
 
 
 4
 Wysocki also violated the plea agreement through his failure to pay the full $100,000 fine required by the agreement. The court correctly held that Wysocki failed to comply with this provision, notwithstanding the disagreement with his attorney.
 
 II. Effective Assistance of Counsel
 
 5
 Wysocki also argues that he was denied effective assistance of counsel because his first trial counsel had a conflicting pecuniary interest and his sentencing counsel failed to raise the issue of the government breach of the plea agreement. "Claims of ineffective assistance are more appropriately addressed in habeas corpus proceedings." United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992). However, a claim may be raised on direct appeal when the record is sufficiently developed to permit the reviewing court to resolve the issue Id.
 
 
 6
 Here, Wysocki failed to raise the claims before the district court. After considering the circumstances of his appeal, we doubt that Wysocki could prevail on his claims. However, because we are asked to consider these claims for the first time, we hold that the record is not sufficiently developed to enable us to review the claims. See id.
 
 III. Imposition of the $100,000 fine
 
 7
 Wysocki also contends that the district court erred in imposing the $100,000 fine required by the plea agreement. A defendant has the burden of proof to show that he cannot pay the fine imposed. See United States v. Nazifpour, 944 F.2d 472, 475 (9th Cir.1991). At the most recent sentencing hearing, Wysocki's attorney advised the court that the unpaid portion of the fine was available and the defendant agreed to pay the unpaid balance. As he failed to either do so or show that he is unable to pay, the district court correctly imposed the fine. See id.
 
 
 8
 IV. Forfeiture of Wysocki's $50,000 Personal Appearance Bond
 
 
 9
 Finally, Wysocki contends that the district court abused its discretion in granting government forfeiture of his $50,000 personal appearance bond. However, Wysocki failed to appear for his sentencing hearing, an express breach of his agreement with the court. This willful breach, as well as the fact that Wysocki failed to surrender to the court until he was arrested outside the United States, support the district court's decision. See United States v. Abernathy, 757 F.2d 1012, 1015-16 (9th Cir.1985) (setting forth standard for granting of government forfeiture of bond). Wysocki argues that an examination of his ineffective assistance claims will reveal a valid explanation for his failure to appear. As we stated earlier, that claim is more appropriate at a later habeas corpus proceeding.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3