**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael KNIGHTON, aka Avery Cole, Stuart Sumner, and Lee Knighton, Defendant**

---

* The Honorable David W. Hagen, United States District Judge for the District of Nevada, sitting by designation.

Janet Parker, Claimant–Appellant.

No. 99–50192.

D.C. No. CR–97–01216–LGB–1.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 2001.

Decided May 25, 2001.

Before HUG, DUHÉ *, and TALLMAN, Circuit Judges.

MEMORANDUM **

Janet Parker appeals the district court's denial of her motion for an order setting aside the forfeiture of her property. Parker's property was forfeited after she had secured bail for her son-in-law, who violated his bond agreement. We have jurisdic-

* The Honorable John M. Duhé, Jr., Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tion under 28 U.S.C. § 1291, and we affirm the district court's decision. The parties are familiar with the factual and procedural history of the case; therefore, we will not recount it here.

We review the district court's decision whether to set aside or remit a forfeiture under an abuse of discretion standard. *United States v. Amwest Surety Ins. Co.,* 54 F.3d 601, 602 (9th Cir.1995). "A district court abuses its discretion when it acts arbitrarily or capriciously." *United States v. Frias–Ramirez,* 670 F.2d 849, 852 (9th Cir.1982). The burden is on the surety to illustrate an abuse. *Id.* at 852.

Rule 46(e) of Fed.R.Crim.P. explains that "[if] there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail." However, Rules 46(e)(2) and (e)(4) allow the court discretion in determining whether to set aside or remit all or part of the bail "if it appears that justice will not be served by enforcing the forfeiture." *United States v. Abernathy,* 757 F.2d 1012, 1015 (9th Cir. 1985). In deciding whether or not to set aside or remit a forfeiture, "the district court has wide discretion." *Id.*

We have "enumerated four factors a district court may consider when making its decision whether to enforce a forfeiture. 1. the bailee's willfulness in breaching release conditions; 2. the surety's participation in apprehending the bailee; 3. the cost, inconvenience, and prejudice suffered by the government as a result of the bailee's breach; and 4. mitigating factors or explanations offered by the bailee." *Id.* "Other considerations include whether the sureties were professionals or family and friends of the defendant." *Frias–Ramirez,* 670 F.2d at 852. Also, "not all of these factors need to be resolved in the government's favor for the district court to enforce full forfeiture." *Abernathy* 757 F.2d at 1015 (citing *United States v. Stan-*

*ley,* 601 F.2d 380, 382 (9th Cir.1979) (no need to show costs or prejudice to the government)).

The district court specifically found that the first factor—the bailee's willfulness in breaching the release conditions—was met, as the violation of the bond was willful and deliberate. Regarding the second inquiry, the court found that Parker did not apprehend or turn her son-in-law in. The third inquiry, "the cost, inconvenience and prejudice suffered by the government" existed as government agents found Parker's son-in-law four months later in Atlanta, transported him to Los Angeles, and sentenced him six months later than expected. Regarding the fourth inquiry, the district court found Parker not credible in her statements that she did not understand what would happen if her son-in-law did not return. There was substantial evidence that she did understand, particularly when she asked the marshal when they would be taking the house. It is also significant that she did not post her residence but rather an apartment unit she was renting to others.

Accordingly, the district court did not abuse its discretion in denying Parker's motion to set aside the forfeiture.

AFFIRMED.