MEMORANDUM **
James H. Leachman and the Leachman parties (“the Leachman parties”) appeal the district court’s decision granting summary judgment in favor of the Ash-Will parties. The parties are familiar with the facts and arguments and they need not be described in this memorandum.
A district court’s grant of summary judgment is reviewed de novo. Golden Gate Restaurant Ass’n v. City and County of San Francisco, 512 F.3d 1112, 1116 (9th Cir.2008). To the extent the MontCode Ann. section 71-3-115 confers discretion on a district judge to marshal assets to prevent “injustice to other persons,” the district judge’s exercise of that discretion is reviewed for abuse of discretion. See United States v. Castaldo, 667 F.2d 20, 21 (9th Cir.1981). The amount of attorneys’ fees awarded by a district court is reviewed for abuse of discretion. Natural Resources Defense Council, Inc. v. Winter, 543 F.3d 1152, 1157 (9th Cir.2008).
When the facts are viewed in the light most favorable to the Leachman parties we agree with the district court that although the mortgage did not include the amount of the indebtedness, the mortgage did not violate Montana Code Ann. section 71-1-206.
Additionally, Montana law is clear that a subsequent creditor takes subject to prior liens they have actual knowledge of even if “the prior instrument is imperfect in itself, or is defectively executed, since notice of prior equitable title is sufficient in this behalf.” Angus v. Mariner, 85 Mont. 365, 278 P. 996, 997-98 (1929). When the facts are viewed in the light most favorable to the Leachman parties, it is undisputed that James and Corrine Leachman had actual notice of the Ash-Will parties’ mortgage.
The district court did not abuse its discretion in applying Montana’s state statute for marshaling of assets.
The district court did not abuse its discretion in awarding $49,632.50 in attorneys fees to the Ash-Will parties.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9 th Cir. R. 36-3.