NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ROBERT LEE GALLON,<br><br>Defendant,<br><br>and<br><br>TASIA N. WATSON,<br><br>Movant - Appellant. | No. 11-50416<br><br>D.C. No. 3:08-cr-04399-H-2<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted July 11, 2014[**]
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellant Tasia N. Watson appeals the district court's September 26, 2011, oral ruling denying her motion to set aside a default judgment in the amount of $35,000 entered on May 2, 2011, against her pursuant to Federal Rule of Criminal Procedure 46(f). We review the district court's decision for an abuse of discretion, and we affirm. *United States v. Castaldo*, 667 F.2d 20, 21 (9th Cir. 1981).

Although Watson argues that the district court erred in failing to set aside the default judgment, she has offered no excuse for failing to respond to the government's motion requesting judgment against her on the bond when the motion was brought. *Cf. Franchise Holding II, LLC v. Huntington Rests Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (defendant's conduct is culpable if defendant has received actual or constructive notice of the filing of the action and failed to answer).

In addition, although couched as a motion to set aside a default judgment, what Watson is *really* doing is attempting to challenge the validity of the deed of trust that purports to secure the bond she posted. She argues that the deed of trust is invalid for various reasons, but those arguments are beside the point because the district court entered *only* a money judgment and did not render judgment foreclosing the lien. Regardless of whatever arguments Watson may have regarding the deed of trust, she has failed to show that the money judgment she

seeks to set aside is erroneous in any way. We express no opinion on the validity or the enforceability of the deed of trust. We hold only that the district court did not err in denying the motion to set aside the money judgment.

Watson next argues that the district court erred in failing to remit or to mitigate the forfeiture amount. These arguments fail as well. Before accepting Watson as Robert Gallon's surety, Magistrate Judge Ruben B. Brooks and the government painstakingly examined Watson, advising her about the circumstances under which she could be held liable as well as of Gallon's criminal record and previous failures to appear. Judge Brooks also thoroughly inquired about the nature of Watson's relationship with Gallon, whom Watson described as a "close friend" and "almost family." The magistrate judge created a bullet-proof record showing that Watson knew the risks she was running by agreeing to post an appearance bond for Gallon secured by her home. The district court did not abuse its discretion in declining to reduce or to mitigate the forfeiture amount. *See, e.g.*, *United States v. Nguyen*, 279 F.3d 1112, 1115-16 (9th Cir. 2002).

**AFFIRMED.**