NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50265 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00132-PA-1 |
| v. | |
| HECTOR RUIZ-SOLIS, AKA Chuckie, AKA Hector Chucky, AKA Solis Hector Ruiz, AKA Hector Perez, AKA Hector Ruis Solis, AKA Chucky Ruiz, AKA Hector Ruiz, AKA Hector S. Ruiz, AKA Chuckey Solis, AKA Chuckie Solis, AKA Chucky Solis, AKA Hector Solis, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted January 10, 2022**
Pasadena, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BLOCK,*** District

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

Judge.

Partial Dissent by Judge BLOCK.

Hector Ruiz-Solis appeals his conviction for being unlawfully present in the United States following removal in violation of 8 U.S.C. § 1326(a), (b)(1), and (b)(2), as well as the district court's order forfeiting his bail in the amount of $20,000 under Federal Rule of Criminal Procedure 46(f). We have jurisdiction under 28 U.S.C. § 1291, and affirm.

1. Ruiz-Solis first argues the district court erred in denying his motion to dismiss the indictment under 8 U.S.C. § 1326(d) because his due process rights were violated in the underlying immigration proceedings which resulted in his prior removal. We review the denial of the motion to dismiss de novo, and the district court's factual findings for clear error. *United States v. Garcia-Gonzalez*, 791 F.3d 1175, 1179 (9th Cir. 2015).

To collaterally attack the validity of a prior removal order in this context, the noncitizen must demonstrate that: "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). The Supreme Court recently clarified that a defendant "must meet all three" of § 1326(d)'s requirements to collaterally attack the prior removal order. *United States v. Palomar-Santiago*, 141 S. Ct.

2

1615, 1620–21 (2021).

Here, after consultation with his attorney, Ruiz-Solis affirmatively waived his right to appeal the immigration judge's determination that Ruiz-Solis was ineligible for cancellation of removal. Thus, he failed to exhaust his administrative remedies in his immigration proceedings and was not deprived of his ability to seek judicial review. As a result, he cannot satisfy § 1326(d)(1) and (2).

Ruiz-Solis maintains that compliance with these provisions may be excused where the defendant received ineffective assistance of counsel in the administrative proceedings and as a result never had a genuine opportunity to present evidence, or where the ineffective assistance of counsel affected the defendant's awareness of his ability to seek judicial review. Assuming, for the sake of argument, that ineffective assistance of counsel can excuse compliance with § 1326(d)(1)–(2) following *Palomar-Santiago*, neither circumstance Ruiz-Solis identifies is presented here. Ruiz-Solis was not prevented from seeking relief under the Convention Against Torture; to the contrary, he was fully aware that this remedy was available as he had previously pursued it while he was representing himself in prior immigration proceedings. Further, Ruiz-Solis's waiver of his right to appeal the adverse decision in his second proceeding came only after he was clearly informed of his right to do so by the immigration judge and his attorney. Indeed, Ruiz-Solis had appealed a prior adverse decision by an immigration judge to the

3

BIA while he was representing himself, and thus clearly knew that he had the ability to do so. The district court did not err in denying Ruiz-Solis's motion to dismiss the indictment on this basis.

2.  Ruiz-Solis next argues the district court erred in ordering bond forfeiture. As a threshold matter, the government argues that we lack jurisdiction to review the district court's forfeiture judgment because Ruiz-Solis did not file a timely notice of appeal of this judgment. We agree.

A notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken." Fed. R. App. P. 3(c)(1)(B). Ruiz-Solis's notice of appeal stated that he was appealing the criminal judgment imposed on September 28, 2020, and entered on the docket October 1, 2020. The government notes that September 28th was the day his criminal sentence was pronounced, and "nothing happened regarding the forfeiture that day." Ruiz-Solis argues that the notice's reference to October 1st "plainly applied—and could only have applied—to the bail forfeiture judgment as only the bail forfeiture judgment was entered on October 1." Ruiz-Solis is wrong—his criminal judgment was docketed on October 1, 2020, as well. Thus, the notice of appeal's reference to a criminal judgment that was imposed on September 28, 2020, and docketed on October 1, 2020, can only refer to the criminal judgment imposing his sentence, not to his bail forfeiture order. Because Ruiz-Solis failed to designate the forfeiture judgment in his notice

4

of appeal, we lack jurisdiction to consider his argument that the district court abused its discretion in ordering the forfeiture. *See Tillman v. Ass'n of Apartment Owners of Ewa Apartments*, 234 F.3d 1087, 1089 (9th Cir. 2000) (noting that the failure to file a timely notice of appeal is jurisdictional).

Even if we had jurisdiction, the defendant has not shown the district court abused its discretion in refusing to set aside the otherwise mandatory forfeiture. *United States v. Abernathy*, 757 F.2d 1012, 1015 (9th Cir. 1985). As the district court found at Ruiz-Solis's bail revocation hearing, Ruiz-Solis violated the conditions of his release by, *inter alia*, failing to report to pretrial services and remain at his sister's residence, and being arrested for assault. The district judge further found that Ruiz-Solis had "absconded from supervision" and shown "a pattern . . . of disregard for the Court's orders." We thus respectfully disagree with our dissenting colleague that the district judge made no attempt to determine what happened after Ruiz-Solis's release. Because the evidence in the existing record is clear, the district court's failure to reiterate these findings in its subsequent forfeiture order did not constitute an abuse of discretion.

**AFFIRMED**.

BLOCK, Senior District Judge, dissenting in part:

I agree with my colleagues that Ruiz-Solis's conviction and sentence should be affirmed. I dissent, however, from the conclusion that the district court properly considered the bond forfeiture issue.

## I

As an initial matter, I am satisfied that we have jurisdiction to review the forfeiture judgment. Ruiz-Solis's form notice of appeal does not specifically identify that judgment, but the error is not fatal. "We have permitted parties to litigate an order not listed in the notice of appeal . . . where (1) the intent to appeal that order can be 'fairly inferred' and (2) the appellee was not prejudiced by the mistake." *Knievel v. ESPN*, 393 F.3d 1068, 1071 n.2 (9th Cir. 2005) (quoting *Lolli v. County of Orange*, 351 F.3d 410, 414 (9th Cir. 2003)). As in *Knievel*, Ruiz-Solis's intent can be inferred from his opening brief and the United States availed itself of a full and fair opportunity to respond on the merits in its answering brief.

## II

The majority concludes, in the alternative, that the district court did not abuse its discretion in declining to set aside the bond forfeiture. I disagree and would remand and require the district court to explain its reasoning.

**A**

A district court must declare a defendant's bail forfeited if any "condition of the bond is breached." Fed. R. Crim. P. 46(f)(1). However, it may set aside or remit a forfeiture "upon any condition the court may impose if . . . it appears that justice does not require bail forfeiture." *Id.* R. 46(f)(2, 4). There are six relevant factors that should be considered:

> 1) the defendant's willfulness in breaching a release condition; 2) the sureties' participation in apprehending the defendant; 3) the cost, inconvenience, and prejudice suffered by the government; 4) mitigating factors; 5) whether the surety is a professional or a member of the family or a friend; and 6) the appropriateness of the amount of the bond.

*United States v. Amwest Sur. Ins. Co.*, 54 F.3d 601, 603 (9th Cir. 1995); *see also United States v. Castaldo*, 667 F.2d 20, 21 (9th Cir. 1981) ("A trial court *should* consider several factors when deciding whether to remit or set aside a forfeiture…" (emphasis added)); *cf. United States v. Brooks*, 872 F.3d 78, 92 (2d Cir. 2017) (citing *United States v. Gambino*, 17 F.3d 572, 574 (2d Cir. 1994) ("The court *must* consider several factors in evaluating the remission motion." (emphasis added)).

Ruiz-Solis conceded that he had breached a condition of his pretrial release warranting mandatory forfeiture but sought discretionary relief in his opposition to the government's forfeiture motion. Though initial findings were made at the bail revocation hearing, significant factual questions remained. In his brief, Ruiz-Solis presented several facts to support discretionary relief, such as potentially mitigating

2

factors related to his mental health and the circumstances of his release. Those facts were not reconciled with the government's motion.

The district court's forfeiture order states, in its entirety:

> The Court has been informed that defendant Hector Ruiz Solis failed to report to PSA upon his release on pretrial bond, and his whereabouts are unknown in violation of conditions of his pretrial bail. Accordingly, IT IS ORDERED pursuant to Rule 46(f) of the Federal Rules of Criminal Procedure that bail is forfeited with respect to defendant Hector Ruiz Solis.

The order's reference to Ruiz-Solis's whereabouts is erroneous, as he was in custody when the order was entered. More importantly, it makes no mention of any grounds for relief from the forfeiture. This was, in my opinion, an abuse of discretion.

**B**

An adequate record is a cornerstone of meaningful appellate review. This requirement is particularly important for fact-based or discretionary decisions because appellate courts "are not authorized to make findings of fact or weigh the evidence." *United States v. Childs*, 944 F.2d 491, 495 (9th Cir. 1991). Thus, for example, a sentencing judge "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007).

To be sure, consideration does not mean a rote recitation of factors and I, as a district judge, appreciate the flexibility not to have to burden the record with a litany of possible considerations, some of them irrelevant in a particular case. *See United*

3

*States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013) ("[T]here is no mechanical requirement that a sentencing court discuss every factor[.]"). Nevertheless, *something* in the record must reflect that the district court gave due consideration to a party's sentencing arguments: "[W]hen a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge should normally explain why he accepts or rejects the party's position." *United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc). I see no reason why the same rule should not apply to a request for relief from a bond forfeiture; while perhaps not as severe as the loss of liberty that comes with most sentences, the loss of $20,000 is still considerable to the average criminal defendant.

## C

The district court's forfeiture order does not reflect any consideration of Ruiz-Solis's request to set aside the forfeiture. There is nothing else in the record to satisfy me that it considered the relevant factors.

Appellate courts occasionally excuse lack of consideration when the evidence is clear, *see, e.g., Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (reviewing dismissal for lack of prosecution), but this is not such a case. The record is rife with conflicting facts, mostly adduced at the bail revocation hearing. It is undisputed that Ruiz-Solis is schizophrenic and functions poorly without his medication. It is disputed, however, whether Ruiz-Solis was taking his medication while on bail;

whether the mental-health program was scheduled to pick him up from jail; and, if so, why it did not do so. Neither did the district court attempt to determine what happened during the week Ruiz-Solis was out of jail—where he went and why; the circumstances of his encounter with local police; and why the government sought a warrant the first business day after his release. Indeed, the government apparently cannot even decide if Ruiz-Solis checked in with pretrial services. Its motion for forfeiture asserts that he did not, but it represented at the bail revocation hearing that his sister "informed him that he was to check in with pretrial services, which he did do."

As the majority points out, some of those issues were explored at the bail revocation hearing. I cannot agree, however, that the district court's decision to revoke Ruiz-Solis's bail excuses its obligation to offer a reasoned decision for its decision on the bond forfeiture motion. The issues may overlap to some extent, but bail revocation and bond forfeiture obviously entail distinct considerations. Otherwise, every bail revocation would automatically result in bond forfeiture with no opportunity for the defendant to seek relief. That is plainly not the case.

In sum, the record convinces me that Ruiz-Solis had non-frivolous arguments that the district court did not consider in the context of bond forfeiture. Therefore, I would remand for further proceedings to resolve any relevant disputes of fact and for a reasoned decision on Ruiz-Solis's request.

5