24-1423 (L)
*U.S. v. Clanton*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand twenty-six.

PRESENT:
>	REENA RAGGI,
>	SUSAN L. CARNEY,
>	BETH ROBINSON,
>		*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

>	*Appellee*,

|  |  |  |
|---|---|---|
| v. | Nos. | 24-1423 (Lead), |
|  |  | 24-1427 (Con), |
| MARY CLANTON, JEAN MARTELLY, MELVA JAMES, | | 24-1428 (Con), |
| SHAHIDAH CLANTON, | | 24-1429 (Con) |

>	*Interested Parties-Appellants*,

JAMILLAH RIVERA, TONY CLANTON,

*Respondents.*[*]

_____

| | |
|---|---|
| FOR APPELLEE: | Andrew M. Roddin, Amy Busa, Matthew Skurnik, Assistant United States Attorneys, *for* John J. Durham, United States Attorney for the Eastern District of New York, New York, NY. |
| FOR INTERESTED PARTIES-APPELLANTS: | Shahidah Clanton, Mary Clanton, Melva James, Jean Martelly, *pro se*, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on April 23, 2024, is **AFFIRMED**.

Appellants Shahida Clanton, Mary Clanton, Jean Martelly, and Melva James, (collectively, the "Sureties"), all family members or close associates of defendant Tony Clanton ("Clanton"), appeal from a judgment holding them jointly and severally liable with one another and Clanton in the amount of

_____

[*] The Clerk's office is respectfully directed to amend the caption as reflected above.

$1,000,000 based on forfeiture of a bail bond for which they served as sureties.[1] We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

Facing criminal charges, Tony Clanton was released pending trial pursuant to a bail package that included a $1,000,000 bond secured by the Sureties. Several months later, Clanton violated the conditions of his release by failing to report to Pretrial Services, traveling outside of New York City, and failing to submit to location monitoring and home incarceration.

On April 3, 2024, the district court ordered the Sureties to show cause why judgment should not be entered against them. The Sureties opposed forfeiture and requested relief under Federal Rule of Criminal Procedure 46(f)(2), arguing, among other things, that they had provided some information to help authorities locate Clanton, that they were friends and family of Clanton, and that Clanton's conduct did not appear to be willful.

After considering the Sureties' opposition, the district court concluded that forfeiture of the full bond amount was warranted and entered judgment against

---

[1] Respondent Jamillah Rivera also served as a surety on the bail bond. She has not joined in this appeal.

the Sureties and Defendant Tony Clanton jointly and severally in the amount of $1,000,000. This appeal followed.[2]

We review a district court's decision to enforce or remit bail forfeiture for abuse of discretion. *See United States v. Gambino*, 17 F.3d 572, 574 (2d Cir. 1994). Under this deferential standard, we may not substitute our judgment for that of the district court or reweigh the equities. Rather, we ask whether the court considered the relevant factors and reached a decision that "falls within a range of permissible decisions." *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001); *see Gambino*, 17 F.3d at 575; *United States v. Brooks*, 872 F.3d 78, 94–96 (2d Cir. 2017) (concluding that district court neither erred in applying *Gambino* factors nor clearly erred in finding that defendant's family's conduct weighed in favor of forfeiture).

Federal Rule of Criminal Procedure 46(f)(1) provides that the "court must declare the bail forfeited if a condition of the bond is breached." The district court found that Clanton violated the conditions of his release. This finding is supported by the record before the court. The district court therefore did not err in declaring the bail forfeited.

---

[2] The Sureties also move for "exoneration" from the bail forfeiture. We treat those motions as simply another formulation of their appeal.

4

Rule 46(f)(2)(B), however, authorizes a court to set aside forfeiture "in whole or in part" if "it appears that justice does not require bail forfeiture." In exercising this discretionary authority, courts in this Circuit consider several non-exclusive factors, including: (1) "whether the defendant's breach of the bond conditions was willful"; (2) "the cost, inconvenience, and prejudice suffered by the government as a result of the breach"; (3) "any explanation or mitigating factors presented by the defendant"; (4) "whether the surety has assisted in the apprehension of the defendant"; (5) "whether the surety is a professional or a friend or member of the defendant's family"; and (6) "the deterrence value of total forfeiture." *Gambino*, 17 F.3d at 574–75.[3]

The district court expressly identified and considered each of these factors. It found that Tony Clanton's violations were willful, his violations caused ongoing prejudice to the government, and that no mitigating factors had been shown, particularly since he was still at large and "remain[ed] in violation of his bond conditions" when it declared the bail forfeited. Dist. Ct. Dkt. 8 at 4–7. As to the Sureties' argument that they had provided assistance in the government's attempts to apprehend Clanton, the district court reiterated that Clanton had not

---

[3] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

yet been apprehended, and it found that the "quality and effectiveness of the sureties' statements" did not warrant a finding that any of the Sureties assisted in apprehending Clanton or determining his whereabouts. *Id.* at 7–8. The court recognized that the Sureties were all friends or family of Clanton, but it concluded that they all knowingly and voluntarily signed Clanton's bond understanding the risk of doing so. And the court noted the deterrent value of holding the Sureties accountable on the bail bond.

On appeal, the Sureties contend that the district court should have afforded greater weight to their efforts to help the FBI apprehend Clanton. They further argue that the court should give positive weight to the fact that Clanton never missed a court date while he was missing. But on abuse of discretion review, we are not charged with reassessing the relevant factors. *Gambino*, 17 F.3d at 574–75. Although reasonable minds could differ as to how the factors should be balanced, the district court did not abuse its discretion.[4]

---

[4] In light of Clanton's subsequent apprehension, nothing in this order precludes the Sureties from asking the district court to remit the judgment in whole or in part pursuant to Rule 46(f)(4) based on that change in circumstances. *See, e.g.*, *United States v. Pevzner*, No. 08-CR-706, 2010 WL 1993865, at *4 (E.D.N.Y. May 18, 2010) (noting that, "while the defendant is still at large, it makes little sense to weigh [the Sureties'] assistance heavily"). We express no opinion on the potential merits of such a motion.

The Sureties also argue that the district court did not adequately assess their financial qualifications to act as sureties for this $1,000,000 bond pursuant to Rule 46(e). *See also* 18 U.S.C. § 3142(c)(1)(B)(xii). But the purpose of bail is to ensure the defendant's appearance. *See United States v. Nebbia*, 357 F.2d 303, 304 (2d Cir. 1966). Rule 46(e)'s procedures for qualifying sureties are designed to protect the *government*, not the sureties themselves, so any failure by the district court to comply with these procedures is not a basis for individual sureties to avoid the obligations that they sought to assume. *See United States v. Skipper*, 633 F.2d 1177, 1180 (5th Cir. 1981); *see also United States v. Noriega-Sarabia*, 116 F.3d 417, 419 (9th Cir. 1997) (concluding that the fact that the surety's net worth was less than the amount of the bond was not a basis to avoid the surety's obligations).

\* \* \*

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.[5]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[5] Appellant Mary Clanton also moves to strike parts of the government's Appendix, and the government requests that portions of the motion to strike that were filed under seal in the district court be sealed in this Court. In view of our resolution of this appeal, the motion to strike is DENIED as moot. The government's motion to seal is GRANTED. Accordingly, it is hereby ORDERED that the motion to strike, Dkt. No. 67.1 at 4-6, be placed under seal.